IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-625-RJC-DCK

| | |
|---|---|
| WILLIAM BUTLER, | ) |
| Plaintiff, | ) |
| v. | ) **PROTECTIVE ORDER** |
| CITY OF CHARLOTTE, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Consent Confidentiality Agreement And Protective Order" (Document No. 8) filed August 16, 2022. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' proposed **Consent Confidentiality Agreement And Protective Order** as follows.

Plaintiff William Butler (hereinafter "Plaintiff") and Defendant City of Charlotte ("Defendant") (collectively the "Parties"), by and through their respective counsel, are presently engaged in discovery, and anticipate that discovery will include certain information and documents of a confidential nature, including but not limited to personal records of parties and non-parties, medical and financial information of Plaintiff, and other confidential information. The City of Charlotte is a public entity with obligations under North Carolina's public records laws, N.C.G.S. § 132-1 *et seq.*, and the personnel records statute, N.C.G.S. §160A-168. The Parties hereby stipulate and request that this Consent Protective Order ("Order") which shall govern the use and treatment of information, documents and other tangible things produced in this litigation be entered by this Court pursuant to Rule 26(c) of the North Carolina Rules of Civil Procedure.

The Court having considered the provisions hereof, and finding it appropriate to do so, hereby

1

orders as follows:

1. **PURPOSES AND LIMITATIONS**

Counsel for any party may designate any non-public document or non-public information contained in a document as confidential if counsel reasonably determines, in good faith, that such designation is necessary to protect the parties and non-parties covered herein and is subject to confidentiality. This Order only applies to information designated as confidential and protected hereunder.

1. **DEFINITIONS**

Except as otherwise expressly defined in this Order, the following definitions shall apply:

1.1 **Party.** Any Party to this action.

1.2 **Counsel**. Attorneys representing the Parties and employees and/or agents of counsel who have responsibility for the preparation and trial of this action.

1.3 **Producing Party**. The Party that discloses or produces in response to discovery requests documents or other materials.

1.4 **"CONFIDENTIAL" Information or Items**. Confidential information as used herein includes, but is not necessarily limited to:

(**a**) personal identifying information such as birthdates or social security numbers of Plaintiffs, non-parties, and/or their family;

(**b**) medical, financial, highly personal, or sensitive information of Plaintiffs or non-parties;

(**c**) personnel information that is confidential pursuant to N.C.G.S. §160A-168;

(**d**) any confidential information of non-parties, including any confidential information produced in response to a subpoena issued to non-parties in this case; and

(**e**) any information that is confidential pursuant to N.C.G.S. 132-1.2.

**1.5    Designating Party**.  A Party that designates information or items that it or a third party produces in disclosures or in responses to discovery as confidential.

**1.6    Receiving Party**.  A Party that receives disclosures or discovery materials from the Producing Party and/or Designating Party.

**1.7    Protected Materials**.  Any disclosures or discovery materials that are designated as "CONFIDENTIAL" Information or Items.  This includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Materials.

**1.8    Consultant and Expert**.  A person or persons with specialized knowledge, skill, experience, training, or education who has been retained by a Party or Counsel to serve as an expert witness or consultant in this action.  This definition includes, but is not limited to, a professional jury or trial consultant retained in connection with this litigation.

**2.    SCOPE**

The protections conferred by this Order cover Protected Materials (as defined above), including any confidential information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in this litigation or in other settings that contain Protected Materials.

Unless otherwise ordered by the Court, or otherwise provided for herein, all Confidential Information shall remain confidential and shall not be used except in connection with the preparation for and/or trial of this action, or as otherwise ordered by the Court.  Discovery Materialdesignated Confidential Information shall be used by the Receiving Party solely in connection withthis litigation and not for any business, competitive, other litigation, or other purposes, and shall not be disclosed to any third party except as expressly provided by this Protective Order or as otherwise required by law.

Nothing in this Order shall be construed as requiring disclosure of documents, information,or

3

any other materials that are, or may be claimed to be, privileged in nature, or subject to the attorney-client privilege or the work-product doctrine, assuming no Party has waived said privileges and protections, and/or documents, information or other materials that are, or may be claimed to be otherwise beyond the scope of permissible discovery. Potential discovery disputes including those regarding privilege, work product, or scope will need to be addressed separately.

**3. DURATION**

This Order shall apply from the time it is entered and shall survive the termination of this litigation. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**4. DESIGNATING PROTECTED MATERIAL**

**4.1 Manner of Designations**. The designation of Protected Materials shall be performed in the following manner:

**(a) Documents Designated as "CONFIDENTIAL"**: Counsel for any Party to this litigation may designate a document or portions of a document as "CONFIDENTIAL" if counsel reasonably determines, in good faith, that the documents contain information protected from disclosure by statute or that should be protected from disclosure as set forth above. Information or documents that are available in the public sector may not be designated as "CONFIDENTIAL."

**(b) Deposition testimony**: Any Party may designate deposition testimony as "CONFIDENTIAL." Such designation shall be specific as to the portion(s) of testimony to be designated "CONFIDENTIAL." Within thirty days after delivery of the transcript, or within a timeframe otherwise agreed to by the Parties, a Designating Party may serve a Notice of Designation to all Parties of record as to specific portions of the transcript designated

4

"CONFIDENTIAL."

**(c)** **Other Information or Tangible Items**: For all other information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

**4.2** **Exercise of Restraint and Care in Designating Material for Protection**. Each Party that designates information or items as "CONFIDENTIAL" for protection under this Order must take due care to limit any such designation to Protected Material as defined in this Order. A Designating Party must designate as "CONFIDENTIAL" only those parts of materials, documents, transcripts, items, or oral or written communications that qualify so that other portions of the materials, documents, transcripts, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

**4.3** **Inadvertent Failure to Designate**. An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not waive the Designating Party's right to secure protection under this Order for such material. If material is designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Designating Party must reproduce the documents and bates label them as "CONFIDENTIAL."

**5.** **CHALLENGING A PARTY'S DESIGNATION**

In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. The documents designated as confidential will be treated as confidential pending an order of the Court. Nothing in this Protective Order constitutes an admission

5

Case 3:21-cv-00625-RJC-DCK   Document 9   Filed 08/18/22   Page 5 of 13

by any party that confidential information disclosed in this case is relevant or admissible. Nothing in this Order or any action or agreement of a Party limits the Court's power to make orders concerning the disclosure of information, documents, or materials produced indiscovery, filed with the Court, or used during any hearing or at trial.

**6.     ACCESS TO AND USE OF PROTECTED MATERIALS**

**6.1     Persons to Whom Protected Material May Be Disclosed**.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Protected Materials designated as "CONFIDENTIAL" Information or Items by a Designating Party may be disclosed only to the following persons:

**(a)**     Counsel of record in this case, as well as other attorneys, paralegals, and staff who are employed by or are members of Counsel's respective law firms or the City of Charlotte who work to represent a Party or Parties to this action, as well as all independent companies, agencies or agents who are directly engaged by Counsel to perform litigation support services under the supervision of such Counsel, and whose duties and responsibilities require access to the "CONFIDENTIAL" Information or Items;

**(b)**     The Parties to this action;

**(c)**     Consultants or experts to the extent deemed necessary by counsel;

**(d)**     Any person from whom testimony is taken or is expected to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information;

**(e)**     The Mediator;

**(f)**     The Court or the jury at trial or as exhibits to motions;

**(g)**     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or item;

       **(h)**    Court Reporters and Recorders; and

       **(i)**    Any other person by written agreement of the Designating Party;

**6.2**    **Persons Required to Sign "Exhibit A"**. The confidential information may be displayed to and discussed with the persons identified in Paragraph 6.1(c), (d), and (i) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

**6.3**    **Duty to Maintain "Protected Material" Securely**. Protected Materials must be stored, maintained, and controlled by a Receiving Party in a secure manner that ensures that access is limited only to the persons authorized under this Order. Nothing in this Order shall be deemed to restrict in any way any Producing Party with respect to the use of its own Protected Materials.

**6.4**    **Presentation of Protected Materials to the Court**. It is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. In the event that a Party seeks to file an unredacted document that a non-filing Party or Parties designated as "CONFIDENTIAL" under this Order, the filing Party shall, after consulting with the non-filing Party or Parties, seek to file the unredacted documents marked "CONFIDENTIAL" under seal. Protected Materials may only be filed under seal pursuant to a Court order authorizing the seal of the specificProtected Materials at issue. If the Court declines to permit specific Protected Materials to be filedunder seal, those Protected Materials may then be filed in the public record only upon redaction of any non-party and/or Plaintiffs' personal identifying information such as birthdates and social security numbers. Nothing herein prevents a filing Party from filing documents in the public record with all

7

confidential information redacted.

## 7. NON-PARTY'S PROTECTED MATERIALS SOUGHT IN THIS LITIGATION

The terms of this Order are also applicable to information produced by a non-party in this action that is designated as "CONFIDENTIAL."  Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a non-party, or any other party, from seeking additional protections.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Materials to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly:  (a) notify the Designating Party of the unauthorized disclosure(s) in writing; (b) use its best efforts to retrieve all copies of the Protected Materials;  (c) promptly inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;  and (e) request that the person or persons to whom unauthorized disclosures were made destroy any information, materials or documents not otherwise returned as well as any copies made thereof.

## 9. FINAL DISPOSITION

In the absence of a final order of the Court addressing the disposition of Confidential Information, each Receiving Party (excluding counsel) must return or destroy all Protected Materials to the Designating Party and notify counsel in writing that all Protected Materials have been destroyed within thirty days of final disposition as defined below.

Counsel are entitled to retain all Protected Materials/Confidential Information, documents, pleadings, discovery, transcripts, exhibits used in the litigation, motion papers, transcripts, legal

memoranda, correspondence, or attorney work-product, even if such materials contain Protected Materials. Any such copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 10. MISCELLANEOUS

**10.1 Enforcement**. Each Party and person bound by this Order, including all those who have executed **Exhibit A**, agrees that the Western District of North Carolina – Charlotte Division has jurisdiction to enforce the terms of this Order, and that such jurisdiction continues beyond the date this matter is concluded. The Western District of North Carolina – Charlotte Division shall retain jurisdiction over all Parties and persons who have received Protected Materials for the purpose of enforcing the provisions of the Order after this action is otherwise terminated, making such rulings, and entering such orders as may be necessary to compel compliance and impose sanctions as the Court shall determine.

**10.2 Production of Documents in Response to Subpoenas**. Nothing in this Agreement shall prevent any party from producing any document or information in its possession to another person or governmental entity in response to a subpoena or other compulsory process. Provided, however, that if such party receives a subpoena or compulsory process seeking production or other disclosure of Confidential Information, that party shall give prompt written notice within forty- eight hours of receipt of such subpoena or compulsory process to the counsel for the party that produced or designated the confidential information, identifying the Confidential Information and, unless prohibited by applicable law, enclosing a copy of the subpoena or

10

other compulsory process. In no event shall production or other disclosure be made before a reasonable notice is given.

**10.3  Right to Assert Other Objections**.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

**10.4  Order Subject to Modification**.  The foregoing is entirely without prejudice to the right of any party or non-party with standing to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED.**

Signed: August 18, 2022

David C. Keesler
United States Magistrate Judge

**CONSENTED TO**:


/s/ Lori R. Keeton
Lori Keeton, Esq., N.C. Bar No. 25813
The Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Telephone: (704) 552-3614
Facsimile: (704) 919-5059
lkeeton@lorikeetonlaw.com
*Attorney for Defendant City of Charlotte*


/s/ Geraldine Sumter
Geraldine Sumter, Esq., N.C. Bar No. 11107
**FERGUSON CHAMBERS & SUMTER, P.A.**
309 East Morehead Street, Suite 110
Charlotte, NC 28
Telephone:     (704) 375-8461
Facsimile:     (980) 938-4867
GSumter@fergusonsumter.com
*Attorney for Plaintiff William Butler*

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I have reviewed the foregoing Consent Protective Order and have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled <u>William Butler  v. City of Charlotte</u>, Civil Action No. 3:21-CV-625-RJC-DCK, have been designated as confidential.  I have been informed that any such document or information labeled as "CONFIDENTIAL" is confidential by Order of the Court.  Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina – Charlotte Division for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: _____

Address: _____

Signature: _____

Date: _____

Jurisdiction where signed: _____